# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>WARREN J. PAWLIUK,<br><br>        Defendant. | 2:12-CV-137 JCM (VCF) |

**ORDER**

Presently before the court is pro se appellant Warren J. Pawliuk's appeal from United States Magistrate Judge Ferenbach's decision in *United States v. Pawliuk*, citation number L0198511-N17. Appellant filed an opening brief. (Doc. #3). Appellee filed an answering brief. (Doc. #5). Appellant then filed a reply brief. (Doc. #9). Also before the court is appellant's motion for summary judgment and request for a restraining order. (Docs. #7–8). The government filed a response to the motion for summary judgment and the restraining order. (Doc. #13). Appellant filed a reply. (Doc. #12).

**Background Facts**

On January 12, 2012, the magistrate judge conducted a bench trial and found appellant guilty of "following too close." AR at 1:20:39. Appellant appeals his conviction. (Doc. #3).

On July 12, 2011, appellant was driving on state route 159 ("SR 159"). AR at 19:40. On that same day, Ranger David Stoltz was on duty patrolling federal public lands administered by the Bureau of Land Management ("BLM"). *Id.* While Ranger Stoltz was on patrol on SR 159 in the Red Rock National Conservation Area, he noticed a vehicle following closely behind his vehicle. *Id.*

**James C. Mahan**
**U.S. District Judge**

As both vehicles exited the Red Rock National Conservation Area loop, Ranger Stoltz pulled to the side of the road, allowed appellant to pass and then pulled appellant over. *Id.* Ranger Stoltz issued a citation to appellant for "following too close." *Id.* The trial court found appellant guilty of the offense charged and ordered appellant to pay a fine, court processing fees, and a penalty assessment. *Id.* at 1:20:39.

Standard of Review

"The appropriate scope of the district court's review is the same as in an appeal to the court of appeals from a judgment entered by a district judge." *United States v. Stanton*, 501 F.3d 1093, 1099 (9th Cir. 2007) (citing FED. R. CRIM. P. 58(g)(2)(D)). The court reviews the magistrate judge's factual findings in a two-step process: (1) it determines if there is an adequate factual basis for the magistrate judge's decision; and (2) if so, then the court reviews the decision for clear error. *See United States v. Vesikrur*, 314 F.3d 1116, 1119 (9th Cir. 2002). Legal rulings are reviewed *de novo*. *Id.*

Issues on Appeal

Appellant does not dispute that he was following too closely, or contend that the factual findings of the court were incorrect. (Doc. #3). Instead, appellant contends that: (1) Ranger Stoltz lacked jurisdiction to give appellant a citation because appellant was on a state highway; (2) the magistrate judge lacked jurisdiction to enforce a violation of state law that occurred on a state highway and failed to apply state law as it existed at the time of the offense; (3) appellant was found guilty of "following too close" pursuant to NRS 484B.127, but he was cited for "following too close" pursuant to NRS 484.307, which has been ineffective since 2009; (4) the magistrate judge allowed testimony without allowing appellant the opportunity to challenge the testimony; (5) appellant was denied an impartial jury; (6) appellant's objection to the admission of his complaint as evidence was improperly overruled; and (7) the magistrate judge failed to advise appellant of his right to appeal. (Doc. #3).

1. Federal Ranger had jurisdiction to issue citation

Appellant claims that Ranger Stoltz did not have jurisdiction to issue a vehicle citation on

James C. Mahan
U.S. District Judge

- 2 -

1  SR 159. (Doc. #3).

2  Pursuant to 43 U.S.C. § 1733(2), "The Secretary [of the Department of Interior] may authorize or appropriate officials to carry out his law enforcement responsibilities with respect to public lands and resources. Such designated personnel shall receive training and have responsibilities and authority provided for in paragraph (1) of this subsection." 43 U.S.C. § 1733(2). Title 43 chapter II of the C.F.R. specifies that the BLM is under the jurisdiction of the Department of the Interior. 43 C.F.R. subtitle B, chapter II.

Title 43 C.F.R. § 8365.1-6, provides that the designated state director of the BLM, "may establish such supplementary rules as he/she deems necessary . . . . No person shall violate the supplementary rules." 43 C.F.R. § 8365.1-6. BLM supplementary rule 2.4 states that, "(a) unless specifically addressed by regulations set forth in 43 C.F.R., the laws of the State of Nevada shall govern the use and operation of vehicles. Such state laws which are now or may later be in effect are hereby adopted and made a part of the regulations in this part; (b) Violating a provision of state law is prohibited." 58 Fed. Reg. 29625 (2.4)(a)–(b).

The magistrate judge found that appellant was within the BLM lands when he was cited by Ranger Stoltz for "following too close." AR at 1:15:00. Ranger Stoltz operates under the BLM which is part of the Department of Interior. *United States v. Faulkner*, 450 F.3d 466, 468 n.2 (9th Cir. 2006); AR at 1:15:16. The BLM has jurisdiction on federal land to enforce the traffic code based on supplementary rule 2.4. 58 Fed. Reg. 29625 (2.4)(a)–(b); *see also United States v. Bohn*, 622 F.3d 1129, 1135 (9th Cir. 2010). Ranger Stoltz had authority to issue the citation to appellant because appellant was within the BLM jurisdiction and Ranger Stoltz was acting within his capacity as a ranger. *Id.* Thus, Ranger Stoltz had authority to issue the citation.

2. The magistrate judge has jurisdiction to preside over the trial for the violation of state law

Appellant contends that the magistrate judge did not have jurisdiction to preside over the trial for the violation of state law.

Magistrate judges have original jurisdiction in misdemeanor cases pursuant to 18 U.S.C. § 3401. *See United States v. Seitles*, No. 2:04-cv-00408-KJD-PAL, 2006 U.S. Dist. LEXIS 33681, at

**James C. Mahan**
**U.S. District Judge**

- 3 -

1  *1 (D. Nev. 2006) (explaining that the magistrate judge has original jurisdiction in a misdemeanor case). Under 18 U.S.C. § 3401(a), "when specially designated to exercise such jurisdiction by the district court or courts he serves, any United States magistrate judge shall have jurisdiction to try persons accused of, and sentence persons convicted of, misdemeanors committed within that jurisdictional district." 18 U.S.C. § 3401(a). In Nevada, state traffic laws govern vehicle operation on federal land pursuant to 58 Fed. Reg. 29625 (2.4)(a)–(b).

Appellant was cited for violating NRS 484.307 for "following too close" to Ranger Stoltz's vehicle at the Red Rock Conservation Area. AR at 23:59. Tile 58 Fed. Reg. 29625 (2.4)(a)–(b) incorporates by reference the state laws that govern the use and operation of vehicles. 43 C.F.R. § 8365.1-6. Thus, appellant was charged with a violation of a federal regulation on federal land, and the magistrate judge had jurisdiction to try persons accused of misdemeanors committed within this jurisdictional district. *See* 18 U.S.C. § 3401(a)

### 3. Incorrect citation number is not a ground for relief

Appellant argues his conviction should be overturned because he was cited for violating a statute that has been ineffective since 2009. (Doc. #3). Appellant was cited for violating NRS 484.307 for "following too close." (Doc. #3). However, at the time of the offense, this statute was not in effect. At trial, the magistrate judge found appellant guilty of violating NRS 484B.127, which is the current statutory provision for following too closely. AR at 1:20:39.

An error in citation is a procedural error and not a substantive one, which does not allow for a reversal of conviction. *See United States v. Lazarenko*, 564 F.3d 1026, 1033 (9th Cir. 2009) (explaining an indictment is sufficient if it (1) contains the elements of the offense charged and fairly informs the defendant of the charge against which he must defend; and (2) enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense"); *see also United States v. Rodriguez*, 360 F.3d 949, 958 (9th Cir. 2004) (same). Further, under Federal Rule of Criminal Procedure 7(c)(2), "Unless the defendant was misled and thereby prejudiced, neither an error in a citation nor a citation's omission is a ground to dismiss the indictment or information or to reverse a conviction." FED. R. CRIM. P. 7(c)(2).

James C. Mahan
U.S. District Judge

- 4 -

1  Appellant was aware that he was cited for "following too close" because his citation read
2  "following too close" as the substantive violation. AR at 23:59. Appellant was not prejudiced by the
3  incorrect statutory provision because he was able to prepare a defense. AR 1:16:00. Thus, appellant's
4  argument fails because he was aware of the substantive offense and was not prejudiced by the error.
5  *See* FED. R. CRIM. P. 7(c)(2); *see also Rodriguez*, 360 F.3d at 958.

6  4. The magistrate judge did not allow testimony to be given without giving appellant the
7  opportunity to challenge the testimony

8  Appellant contends the magistrate judge allowed testimony without allowing appellant the
9  opportunity to challenge that testimony. (Doc. #3). At the close of appellant's case, the magistrate
10 judge asked the government if there was a law that gave jurisdiction to the rangers to issue citations.
11 AR at 1:15:16. The government advised the magistrate judge on the applicable statute, 43 U.S.C.
12 1733(c). *Id.* The magistrate judge then looked up the statute on his iPad. *Id.*

13 The government was advising the court about the governing law, not submitting testimony
14 on the facts of the case. AR at 1:15:16. Once advised on the law, the judge researched the law and
15 verified the government's contention that the federal government has jurisdiction on BLM land. AR
16 at 1:16:08. The magistrate judge is allowed to do research on the law and he is allowed to ask parties
17 to advise him on the law. *See Universe Sales Co. v. Silver Castle, Ltd.*, 182 F.3d 1036, 1038 (9th Cir.
18 1999) (finding that the court can ask parties about controlling law). Appellant's argument fails
19 because the magistrate judge was being advised on the law, and he was not allowing testimony on
20 the facts of the case.

21 5. Appellant was not denied an impartial jury

22 Appellant contends that during the bench trial, the magistrate judge denied appellant an
23 impartial jury because the magistrate judge had done research on the law prior to the trial. (Doc. #3).

24 Again, the magistrate judge conducted independent research and instructed the parties to
25 provide further guidance to the court on the controlling law regarding the jurisdiction of the federal
26 rangers. AR at 1:12:16–1:16:53. Appellant's claim fails because the magistrate judge is allowed to
27 do independent research on controlling law. *See Universe Sales*, 182 F.3d at 1038.

28

**James C. Mahan**
**U.S. District Judge**

- 5 -

### 6. The magistrate judge properly ruled on appellant's objection to the admission of the complaint letter into evidence

After the incident on July 12, 2012, appellant filed a complaint against Ranger Stoltz concerning the events that occurred that evening. AR at 23:59. Prior to trial, appellant was provided with a copy of the complaint letter. AR at 1:07:00.

At the beginning of the trial, Ranger Stoltz submitted 8 documents to the court, which included the complaint letter. *Id.* at 18:00. Then, the magistrate judge asked appellant if he had any objections to the evidence being admitted. *Id.* at 17:29. Appellant responded that he had no objections to the evidence, and the trial continued. *Id.*

At the conclusion of appellant's case, appellant objected to the complaint letter being admitted as evidence. *Id.* at 1:04:37. Appellant objected because the government allegedly failed to comply with a subpoena for the result of the investigation stemming from the complaint letter. AR at 1:04:37. Appellant contends that because the results of the investigation are confidential, then the complaint letter is also confidential. (Doc. #3). When appellant objected to the complaint letter, the magistrate judge overruled the objection, explaining that the opportunity to object to the letter had passed. AR at 1:04:37. Appellant now contends that the magistrate judge improperly ruled on appellant's objection. (Doc. #3).

Appellant wrote the complaint letter, which acts as a party admission. FED. R. EVID. 801(d)(2)(E); *see Guam v. Ojeda*, 758 F.2d 403, 408 (finding that a statement is admissible if the statement is offered against a party and is his own statement in either his individual or representative capacity). Further, the court did not err when it denied the late objection and allowed the complaint letter as evidence. *See The Home Indem. Corp. v. Lane Powell Moss & Miller*, 43 F.3d 1322, 1329 (9th Cir. 1995) (explaining that trial courts have broad discretion in making evidentiary rulings and handling late objections).

### 7. The magistrate judge failed to inform appellant of his right to appeal

Appellant argues that he has been denied his constitutional right to appeal because the magistrate judge failed to inform appellant of his right to appeal. (Doc. #3). Here, the record clearly

James C. Mahan
U.S. District Judge

1  reflects that the magistrate judge did not inform appellant of his right to appeal. AR at 1:20:39.

2        The Ninth Circuit has held that "rule provisions governing timeliness that do not implement
3  congressionally mandated built-in time constraints are . . . properly considered non-jurisdictional
4  limitations, subject to forfeiture." *United States v. Sadler*, 480 F.3d 932, 937 (9th Cir. 2007). Further,
5  the court is not obligated to enforce time limitations if neither party invokes the rule. *Id.* at 940.
6  Moreover, in *Paetzold*, the Tenth Circuit held that the time limitation on filing a criminal appeal
7  pursuant to Federal Rule of Criminal Procedure 58(g)(2)(b) is non-jurisdictional and cannot be
8  forfeited unless the party asserting the rule waits too long to raise the objection against extending the
9  filing time. *United States v. Paetzold*, 341 Fed. Appx. 455, 457 (10th Cir. 2009).

10       Here, the government does not move to dismiss the appeal on this ground. Thus, the time
11 limitation does not need to be enforced. *See Sadler*, 480 F.3d at 940; *Paetzold*, 341 Fed. Appx. at
12 457. Therefore, appellant has not been denied a right to appeal, and the magistrate judge's failure
13 to advise appellant of his right to appeal is harmless.

14 <u>Motion for Summary Judgment and Restraining Order</u>

15       Appellant has moved for summary judgment because the government failed to file an
16 answering brief by the deadline given by this court. (Doc. #7). The government submitted an answer
17 to appellant's opening brief via CM/ECF by the stated deadline. (Doc. #5). The government then sent
18 a courtesy copy via mail to appellant postmarked two days after the answering brief was due. (Doc.
19 #13). The government claims that it had a reasonable belief that filing its answering brief with
20 CM/ECF would be sufficient to serve appellant. (Doc. #13).The government believed that appellant
21 was signed up for electronic filing because the government received appellant's notice of appeal and
22 opening brief via CM/ECF. (Doc. #13).  By the time that the government learned that appellant did
23 not receive electronic filings, the courtesy copy had already been sent to appellant. (Doc. #13).

24       Appellant's motion for summary judgment is not procedurally correct in the instant appeal.
25 The courts liberally construe pleadings filed by pro se litigants. *Eldridge v. Block*, 832 F2d. 1132,
26 1137 (9th Cir. 1987). Therefore, this court will consider appellant's motion for summary judgment
27 as a motion to strike.

28

**James C. Mahan**
**U.S. District Judge**

- 7 -

Appellant was not prejudiced by the late filing by the government. Appellant submitted a reply to the government's answering brief three days before appellant's reply was due. (Doc. #9). The late filing did not cause appellant to file an untimely reply or prevent appellant's appeal from being considered by this court. Appellant's motion to strike is denied because his appeal was not prejudiced by the late filing.

Appellant has also moved for a restraining order to prevent federal rangers from enforcing state law on SR 159 pending their training, certification, and licensing as Nevada peace officers. (Doc. #8). Federal rangers have jurisdiction to enforce state law on federal land. *Bohn*, 622 F.3d at 1135. Therefore, appellant's motion for a restraining order is denied.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Magistrate Judge Ferenbach's decision in *United States v. Pawliuk*, citation number L0198511-N17, be, and the same hereby is, AFFIRMED.

IT IS FURTHER ORDERED that appellant's appeal (doc. #3) be, and the same hereby is, DISMISSED.

IT IS FURTHER ORDERED that appellant's motion to strike (doc. #7) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that appellant's motion for restraining order (doc. #8) be, and the same hereby is, DENIED.

DATED June 26, 2012.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 8 -